**NOT FOR PUBLICATION**


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL GADDY,

Plaintiff-Appellant,

v.

N. ADAM,

Defendant-Appellee.

No. 15-16107

D.C. No. 4:14-cv-01642-HSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted November 14, 2017
San Francisco, California

Before: RAWLINSON and BYBEE, Circuit Judges, and SMITH,[**] Chief District Judge.

California state prisoner Michael Gaddy (Gaddy) appeals an order granting summary judgment in favor of Dr. N. Adam (Adam) in Gaddy's civil rights action alleging deliberate indifference to his medical needs.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable William E. Smith, Chief United States District Judge for the District of Rhode Island, sitting by designation.

**1.** We review the grant of summary judgment *de novo*, *see Asarco LLC v. Atl. Richfield Co.*, 866 F.3d 1108, 1118 (9th Cir. 2017), and we affirm. The district court properly granted summary judgment because the record does not raise a material issue of fact regarding deliberate indifference. *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (stating that an official acts with deliberate indifference "only if the official knows of and disregards an excessive risk to [a prisoner's] health and safety") (citation and internal quotation marks omitted). At most, Dr. Adam displayed negligence or gross negligence when she discontinued Gaddy's waist-chain chrono. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) (noting that gross negligence does not constitute deliberate indifference).

**2.** The district court did not abuse its discretion in denying the motion for additional discovery because Gaddy failed to specify any facts to be discovered that would have established deliberate indifference on the part of Dr. Adam. *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

**3.** The district court did not abuse its discretion in denying Gaddy's motions to compel responses to the interrogatories and to compel the production of medical records because it remained unclear which responses Gaddy contended were inadequate, and Gaddy is thus unable to establish that the denial resulted in prejudice. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002), *as amended*

2

(requiring "the clearest showing that the denial of discovery result[ed] in actual and substantial prejudice to the complaining litigant") (citation and internal quotation marks omitted).

**AFFIRMED.**